**FEI CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 08–2029–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2009.

Fei Chen, pro se.

Gregory G. Katsas, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Elizabeth D. Kurlan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Fei Chen, a native and citizen of the People's Republic of China, seeks

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

review of the March 27, 2008 order of the BIA denying her motion to reconsider its denial of her motion to reopen. *In re Fei Chen*, No. A077 322 261 (B.I.A. Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reopen and reconsider for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not abuse its discretion in denying Chen's motions.

The BIA reasonably found that Chen failed to demonstrate that it made any legal or factual error in denying her untimely motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *see also Jin Ming Liu*, 439 F.3d at 111. Chen argues that the BIA erred in not giving sufficient weight to the unauthenticated documents that she submitted. While the agency may not reject an asylum-seeker's document solely because the document was not authenticated, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 404–05 (2d Cir.2005), here, the BIA reasonably rejected the documents, particularly where there was an underlying adverse credibility determination rendered against him. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (finding that the BIA's refusal to credit an unauthenticated document was not error because the rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Regarding the remainder of Chen's evidence, we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. *See Jian Hui Shao*, 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. B.I.A.*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Because the failure to establish changed country conditions provides a valid basis for denying a motion to reopen, we cannot find that the BIA abused its discretion in denying Chen's motion to reopen. *See Wei Guang Wang*, 437 F.3d at 273; *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).